# ELLINGTON vs. CROCKETT.

Judgment on non-suit given against a party by a justice of the peace, will not bar him from instituting a new suit for the same cause of action.

## APPEAL FROM PLATTE CIRCUIT COURT.

### STATEMENT OF THE CASE.

Crockett, the appellee instituted his action of debt in the court of A. Hill, a justice of the peace of Platte county against the appellant, Ellington, and recovered a judgment against the defendant for the sum of $38 07 together with the costs of the suit, on the 11th day of March 1848, from which judgment Ellington appealed to the circuit court on the 20th day of the same month.

On the 11th day of March, 1848, and before the trial of the cause, Ellington moved the court, (viz. the justice on the day of trial) to quash the proceedings before said Hill, then had, upon the ground that there had been a former trial of the same cause of action on the 19th day of October 1848 before one H. D. Oden, a justice of the peace of the same county.   At the time of making this motion, a bill of particulars of the claim, as filed before justice Oden, was filed with said justice Hill.

At the September term 1848, of the circuit court, the cause was tried therein, and the plaintiff recovered judgment against Ellington for the sum of $33 "in damages," which were adjudged for the plaintiff by the court, against the defendant, with his costs of suit.

The defendant then moved the court to set aside the verdict and for a new trial, and the same being overruled he has brought the case here by appeal.

ELLINGTON vs. CROCKETT.

Upon the trial of the cause, the plaintiff introduced the defendant himself, and it was admitted by the counsel for the parties in the cause, that the testimony offered by the plaintiff fully supported the verdict rendered by the jury in the cause; and thereupon the plaintiff rested his case.

The defendant then offered the said Henry D. Oden, the justice before whom the cause had been previously tried, as above stated in said motion to quash the proceedings of Hill. This witness, Oden, proved and it was admitted by both parties, that the same account on the part of the plaintiff and the same account on the part of the defendant, as a set off, was filed before the said justice Oden, who was then an acting justice of the peace of Platte county, as described in a certified transcript from his docket, which was produced on this trial, which docket of Oden, containing a record, &c. of his proceedings in the cause, when tried before him, was offered in evidence by the said Ellington. To the reading of which record of Oden the plaintiff, Crockett, objected, and his objection was sustained, and the defendant excepted.

## HAYDEN, for appellant:

1. The court erred in objecting as evidence the record and proceedings of justice Oden, before whom the claim sued for had been adjudicated and decided against the plaintiff. This record shows that Crockett sued Ellington for the same identical demand, on the 17th day of January 1848, and that on the 5th day of February, following, the cause was continued until the 19th day of that month, on account of the sickness of the justice Oden, for trial, the same being upon the application of the plaintiff Crockett. On the 19th day of February 1848, the justice, Oden, rendered a judgment in the action against the plaintiff for the costs of the suit in favor of the defendant.

The justice then on the 21st day of February 1848, proceeded to hear the same cause again, and the plaintiff then called on the defendant to swear as a witness, and he gave evidence as such, and the justice thereupon, after fully and maturely considering the matter, coming to the conclusion that he had committed error in continuing the cause to another than his regular law day, quashed his own proceedings upon his own mere motion, non-suited the plaintiff and rendered judgment against him for the costs of the suit, amounting to $11 90. These were the proceedings had before and by justice Oden, proposed to be given as evidence by Ellington. We insist that the first judgment rendered on the 19th day of February, by Oden against the plaintiff, for the costs of the suit, was a final judgment, and the subsequent proceedings before Hill, for the same claim, were unauthorized; and that the record, &c. of the proceedings before Oden was, and is a bar, and ought to have been read as evidence of the facts therein stated, as such.

2. We also insist for the same reasons, that the circuit court ought to have set the verdict aside, as also for another reason, which is that the verdict is against law and evidence.

## RYLAND Judge, delivered the opinion of the court:

The important question for our adjudication in this case, involves the correctness of the action of the circuit court, in refusing permission to the defendant below, to read the record of the proceedings had in the suit between the same parties before Esquire Oden, for the same account due plaintiff by defendant, as well as for the same offset of defendant against plaintiff. We consider this the only point in the case.

The justice, Oden, before whom the suit was first brought, was sick at
10

the day fixed for the first trial, and he continued the case at the costs of the plaintiff, and issued a new summons for defendant. On the day to which he had continued, the parties appear, and the defendant moves to quash the proceedings. The justice overrules the motion, hears the evidence. The defendant is sworn as a witness himself. The justice fails to determine the matter on this day, but continues it under advisement for a day or so, and at last comes to the conclusion that he had committed error in the case, that he had done great injustice to one of the parties, and probably to both; that it was his duty to retrace his errors as soon as possible and correct them. He therefore says in his record, "he conceives it to be his duty to quash the proceedings, non-suit the plaintiff, and tax him with the costs. Judgment is therefore given by the justice against the plaintiff, for the sum of eleven dollars and ninety cents." These are the words of the transcript. Below, in the same transcript, he marks down the costs, the items and to whom due, and they amount to the above sum of $11 90. We can plainly see, that the judgment was entered only to be for costs, yet, the defendant insists, that this was a final judgment upon the merits of the case; and that upon such merits he obtained the judgment; notwithstanding his own testimony given, induces two juries after this trial before justice Oden, to find against the defendant two other verdicts upon the merits.

I am by no means willing to apply to the illiterate transactions of the justices of the peace, the same strict technical rules that I would apply to the proceedings of our courts of record. These justices are generally plain common sense men, with no acquaintance with the forms or modes of judicial proceedings. They may often mean one thing, when their words recorded and written down, if construed technically, would mean a different thing altogether. Here it is plain that justice Oden meant to do no harm, no wrong to either party. He says he wishes to retrace his steps and correct his errors. "Therefore he must quash the proceedings, non-suit the plaintiff and tax him with the costs," but in putting his intentions on record, he uses the language of a final judgment and not of non-suit. I will not lend my aid to do the plaintiff any further injustice in this case. He seems to have had to pay the costs at every blundering step made in the case. The circuit court did right in rejecting this record of Esquire Oden. It did not exhibit a full adjudication upon the merits of the transaction between these parties. It was intended for a non-suit, and as such it was properly consid-

ered and properly rejected.    It is my opinion therefore that its judgment should be affirmed, and such is the opinion of my brother judges.

Let the judgment of the court below, therefore, be affirmed.