A. T. LYMAN, Respondent, v. MILWAUKEE HARVESTER COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Appellate Practice**: SHORT APPEAL: ABSTRACTS: ORIGINAL BILL. Where the appeal is by the short method under section 2253, Revised Statutes, 1889, if appellant's abstract is deemed insufficient, respondent should present such an abstract, or such additional abstract as he may deem proper, which would be accepted as true unless appellant specified his objections, and unless before steps are taken by the parties the record does not call for an application of the provision of section 2257.

2. ———: EVIDENCE: INTERFERENCE. In this case the record will not justify the appellate court in interfering with the verdict on the ground of the failure of evidence to support it.

3. **Res Adjudicata**: BILLS AND NOTES: FAILURE OF CONSIDERATION. Where the maker of a note is sued and fails to set up a partial failure of consideration by reason of not receiving the goods for the purchase money of which the note was given, he can not subsequently maintain a suit for such failure to furnish the goods since the matter is *res adjudicata*.

4. ——: PLEADING: JUSTICES' COURTS. Where an answer in a justices' court insufficiently sets out and pleads *res adjudicata*, but evidence thereof is received in the circuit court without objection, advantage can not be taken by the appellate court of such informal pleading.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED.

*Upton & Skinker* for appellant.

(1) If defendant agreed to furnish plaintiff the extras sued for, and also two machines for the sum of $210 for which plaintiff gave his note, the failure to furnish the extras constituted a partial failure of the consideration for said note. A partial failure of consideration is strictly a matter of defense, and not a counterclaim. Plaintiff admits that he was sued by defendant on his note and that said suit has been finally settled. He can not, therefore, maintain this action. *Carpenter v. Meyer*, 32 Mo. 213; *Compton v. Parsons*, 76 Mo. 455; *Voss v. McGuire*, 18 Mo. App. 477; R. S. 1889, sec. 2090. The law requires parties to bring forward their whole case, and the plea of *res judicata* applies, not only to points actually passed on by the court, but to every point properly belonging to the subject of litigation. *Chouteau v. Gibson*, 76 Mo. 46. (2) The verdict was manifestly the result of passion and prejudice against corporations, and it is not only against the weight of the evidence, but is wholly unsupported by any substantial evidence.

*B. J. Emerson, Rechow* and *Pufahl* for respondent.

(1) The original bill of exceptions in this cause fails to call for the transcript of the justice's court, so

that there is nothing to show that the circuit court acquired jurisdiction. If this statement is disputed we ask that the original bill of exceptions be required to be certified up. (2) The transcript of the justice constitutes no part of the record proper, and unless saved in the bill of exceptions will be disregarded, even though embodied in the transcript filed in this court. *Greene County ex rel. v. Wilhite*, 35 Mo. App. 43; *McNeil v. Ins. Co.*, 30 Mo. App. 307; *Stovall v. Emerson*, 20 Mo. App. 324; *Clark v. Kane*, 37 Mo. App. 263. (3) The plea of *res adjudicata* is an affirmative one, and must be specially pleaded to be available. 1 McQuillin's Pleading and Practice, sec. 371; *State to use v. Brooke*, 29 Mo. App. 286; *Kelly v. Hurt*, 61 Mo. 466; *Muelrath v. Roemheld*, 3 Mo. App. 563; *Donaldson v. Newman*, 9 Mo. App. 242. (4) Plaintiff had a right to pay the note on which his father was surety; the suit was brought against his father before a justice of the peace in a county other than the residence of this plaintiff and was no action against plaintiff; but even if it had been there is no *res adjudicata*, as the question was not litigated. *Wright v. Salisbury*, 46 Mo. 26; *Spradling v. Conway*, 51 Mo. 54; *Hickerson v. City of Mexico*, 58 Mo. 65. (5) Plaintiff can maintain this action. *Brockhaus v. Shilling*, 52 Mo. App. 82; Bliss on Code Pleading, sec. 368.

ELLISON, J.—This action is based on an account and was begun before a justice of the peace where plaintiff had judgment. Defendant appealed to the circuit court where plaintiff again obtained judgment. Defendant comes here for relief.

I. It is first objected that there is nothing to show that the circuit court had jurisdiction on the appeal. This objection is based on the assertion that the jus-

Lyman v. Harvester Co.

APPELLATE practice: short appeal: abstracts: original bill.

tice's transcript was not incorporated in the bill of exceptions. The cause is here by what is known as the short method, consisting of a certified copy of the judgment with dates of entry, order granting appeal, etc., as provided by section 2253, Revised Statutes, 1889. The defendant's abstract of the record incorporates the justice's transcript and all papers filed with the justice in what appears by such abstract to be a bill of exceptions. Plaintiff filed no counter abstract and hence we must accept that of defendant as being correct. Under the provisions of the statute aforesaid plaintiff, if he denied the accuracy of defendant's abstract, should himself have presented an abstract of the record, or an additional abstract as to that part of the record which he claims was not truly abstracted by the appealing defendant. This would be accepted here as true, unless the appellant specified his objections thereto in writing and filed the same with the clerk of this court. If such specific objections were made the clerk would then order the clerk of the trial court to send up a certified copy of the record or that part of it which was in dispute. The provisions of section 2257 relating to the power of an appellate court to make an order for the production of original papers or of a bill of exceptions have no application to the state of the record before us.

II. An examination of the evidence has not led us to the conclusion that we should reverse the judgment on account of there being no evidence

——: evidence: interference.

to support the verdict, since the trial judge has approved it by not setting it aside, though the state of the evidence is such that we deem it close to the line and we refuse to interfere with much hesitation.

III. Be this as it may, according to plaintiff's own testimony, he was defendant's agent for the sale

of machines and on a settlement with defendant's traveling agent, plaintiff kept or pur-

RES ADJUDICATA: bills and notes: failure of consideration.

chased two machines and certain extras which were to go with the machines, giving his note for $210 for the purchase money. These extras were not furnished by the defendant. He states that they are the foundation of his claim in this action and if they had been furnished he would not have had a claim. He was afterward sued on the note long after he should have been furnished with the extra and failed to set up such partial failure of consideration as a partial defense. We deem the matter now to be *res adjudicata* and that plaintiff is barred of his right to sue upon the claim.

IV. : But it is said that defendant did not plead *res adjudicata*. The abstract shows that it was stated in the answer of defendant. But conceding that it does not appear with sufficient clearness

——: pleading: justices' courts.

that a plea of *res adjudicata* was formally and properly made in the answer as a technical pleading, yet the cause originated in a justice's court where formal pleadings are not required and evidence was received without objection, of the fact that plaintiff was sued on the note and that he did not present the defense of failure of consideration but on the contrary paid off and discharged the note.

From whatever point of view in which the case presents itself on the record here, it appears that the judgment was manifestly for the wrong party.

The judgment will, with the concurrence of the other judges, be reversed. .