BALDWIN *et al.* v. DAVIDSON *et al.*

Division Two, May 11, 1897.

1. **Judgment of Probate Court**: FRAUD AND COLLUSION. Where the final settlement is approved by reason of the fraudulent and collusive arrangement between the probate judge and the administrator, it will be set aside at the instance of the heirs, even though such judgment has once been appealed from and such appeal dismissed by the heirs.

2. **Dismissal of Appeal**: BAR TO SUBSEQUENT SUIT. A voluntary dismissal of an appeal from the probate to the circuit court by the heirs is no bar to a subsequent suit in equity by them to surcharge and falsify the accounts of the administrator and to set aside the judgment of the probate judge. To be a bar to another action there must be judgment on the merits.

3. **Remedy at Law**: EQUITY JURISDICTION. Where fraud is the foundation of the action, the fact that plaintiffs have a remedy at law by appeal is no barrier to the prosecution of a suit to set aside the judgment of a probate court.

*Appeal from Washington Circuit Court.*—Hon. J. F. Green, Judge.

Reversed and remanded.

*E. R. Lentz* for appellants.

(1) It was not necessary in this case to prove actual and positive fraud in the act of obtaining the judgment of approval of the final settlement of I. M. Davidson, as administrator of the estate of J. W. Baldwin, to authorize a court of equity to set it aside.  But any improper omission or concealment, which results in loss to those interested, is sufficient without regard to the motives that actuated it.  Story's Equity Jur., sec. 187; *Clyce v. Anderson*, 49 Mo. 40, 41; *Houts v. Shepherd*, 79 Mo. 144; *Smiley v. Smiley*, 80 Mo. 46; *Scudder v. Ames*, 89 Mo. 515.  (2) The statute clearly prescribes the manner in which appeals from the probate court may be prosecuted, and unless that statute has been complied with no appearance of the parties can give the circuit jurisdiction.  The failure of the records of the probate court to show that an appeal had been granted is fatally defective and no appearance or consent of the parties can give jurisdiction.  *Robinson v. Walker*, 45 Mo. 118; *Green v. Castello*, 35 Mo. App. 127; *Patton v. Williams*, 1 App. Rep. 519; R. S. 1889, secs. 286–290.  (3) The voluntary dismissal of the attempted appeal from the probate court was simply a judgment of nonsuit and will not support a plea of *res adjudicata*, or former adjudication.  Nothing short of a judgment on the merits of the controversy will support this plea.  *Ellington v. Crockett*, 13 Mo. 73; *Water Works Co. v. School District*, 23 Mo. App. 227; *Taylor v. Larkin*, 12 Mo. 104; *Wells v. Moore*, 49 Mo. 230; *Spradling v. Conway*, 51 Mo. 54; *Garret v. Greenwell*,

92 Mo. 120; *Davis v. Hall*, 90 Mo. 665; *Miller v. Maus*, 28 Ind. 194; *Holland v. Hatch*, 15 Ohio St. 468. (4) Courts of equity are not confined in their jurisdiction in this State to cases where there is no adequate remedy at law. In this case the right to appeal from the order approving the final settlement, or to proceed in equity to surcharge and falsify the accounts, were concurrent remedies, and plaintiffs had the right to pursue either remedy. *Clark v. Henry's Adm'r*, 9 Mo. 342; *Oldham v. Trimble*, 15 Mo. 228; *Stewart v. Caldwell*, 54 Mo. 539; *Purdy v. Gault*, 19 Mo. App. 191; Story's Eq. Jur. [13 Ed.], sec. 64. (5) The defendant Davidson purchased of himself the lands which he had in charge and of which he had the selling. He became a trustee for the heirs and distributees of that estate, and must account for all profits he may have made from a resale or in otherwise dealing with the same. Perry on Trusts [2 Ed.], sec. 429; Hill on Trustees [3 Am. Ed.], 160; *Clyce v. Anderson*, 49 Mo. 41; *Rea et al. v. Copelin*, 47 Mo. 83; *Merritt v. Merritt*, 62 Mo. 150; *Houts v. Shepherd*, 79 Mo. 144; *Landis v. Saxton*, 89 Mo. 381; *Harney v. Donohoe*, 97 Mo. 144; *Shaw v. Shaw*, 86 Mo. 594; *Patterson v. Booth*, 103 Mo. 413; *Ward v. Davidson*, 89 Mo. 458; *Ownby v. Ely*, 58 Mo. 478; *Lass et al. v. Sternberg*, 50 Mo. 126; *Grumley v. Webb*, 44 Mo. 451. (6) The defendant Davidson bought a large amount of claims against the estate for very much less than the amount that was due thereon, and afterward takes credit to himself for payments thereon; all such purchases enure to the benefit of the estate and not to the administrator. Perry on Trusts, sec. 428; *In re Oakley*, 2 Edwards, 478; *Ex parte James*, 8 Ves. 346; *Ex parte Lacey*, 6 Ves. 628; 1 White & Tudars Leading Cases, 225. (7) Defendant Davidson failed to account for large sums of money belonging to the estate which came into his hands. He has used the funds belonging

to the estate for sixteen years and he should be required to account for interest at the highest rate he could have obtained and this computed with annual rests. *Frost v. Winston*, 32 Mo. 495; *In re Davis Estate*, 62 Mo. 454; *Williams, Adm'r, v. Petticrew*, 62 Mo. 472; *Pomeroy v. Benton*, 77 Mo. 64; *Cruce v. Cruce*, 81 Mo. 676; R. S. 1889, sec. 225.

*Dinning & Byrns* for respondents.

(1) Take plaintiff's bill as true, the testimony shows that the estate of Baldwin owes more money than the whole amount plaintiffs seek to compel Davidson to pay. These heirs have no interest in this estate until its debts are paid. *Murphy v. De France*, 105 Mo. 71; *Vastine, Pub. Adm'r, v. Dinan*, 42 Mo. 269; *State v. Fulton*, 35 Mo. 323; *Green v. Tittman,* 124 Mo. 372. (2) The probate court had the power to make an order to sell the land for the payment of debts due by the deceased when properly allowed, without petition and order to show cause. *Day v. Graham*, 97 Mo. 402; R. S. 1889, sec. 169. When the sale is made and the probate court approves the same, it can only be attacked for fraud. *Price v. Springfield Real Estate Ass'n*, 101 Mo. 116; *Murphy v. De France*, 105 Mo. 69; *Rogers v. Johnson*, 125 Mo. 202. The administrator had a right to buy at his own sale at the times Davidson bought those lands. G. S. 1865, sec. 32–35. This was the law of this State until the revision of 1879, sec. 166. (3) The appellants appealed from the judgment of probate court approving the final settlement. They filed their affidavit and bond within the time allowed by law. The bond was duly approved by probate judge and ex-officio clerk in vacation, and that was all the law required appellants to do, and when the judge sent the papers to the circuit clerk this completed the appeal, but if, as contended by appellants that the judge had to make a

written order granting the appeal, then it was the duty
of appellants to have compelled, by an order of the cir-
cuit court, the judge to write the order.    Warner's
Am. Law of Admr's, part of sec. 546; *Biddison v.
Mosely*, 57 Md. 89; *Bensley v. Haeberle*, 20 Mo. App.
648; R. S. 1889, secs. 286, 287, 288, 289, 291, 295.    (4)
There is not a scintilla of evidence in this record that
tends to taint the judgment of the probate court, ap-
proving said final settlement, with fraud or collusion,
between the judge and the administrator.    (5) It goes
without saying that a party who has an adequate and
complete remedy at law, can not abandon that remedy
and invoke the aid of a court of chancery to give him
the same rights that he could have obtained in a court
of law.    (6)   Final settlement of an administrator in
the probate court has the force and effect of judgments.
"It stands as firmly on an impregnable basis of con-
clusiveness as does the judgment of any other court
and can not be impeached except on the ground of
fraud in the very act of procuring the judgment." *Nel-
son v. Barnett*, 123 Mo. 564; *McClanahan v. West*, 100
Mo. 320; *Payne v. O'Shea*, 84 Mo. 130; *Murphy v. De
France*, 101 Mo. 151; s. c., 105 Mo. 64; *Jones v. Brink-
er*, 20 Mo. 87; *State to use v. Roland*, 23 Mo. 95; *Barton
v. Barton*, 35 Mo. 158; *Picot v. Bates*, 47 Mo. 390; *Oldham
v. Trimble*, 15 Mo. 225; *Woodworth v. Woodworth*, 70
Mo. 601; *Lewis v. Williams*, 54 Mo. 200; *Smith v. Sims*,
77 Mo. 272; *Sheetz v. Kirtley*, 62 Mo. 417; *Miller v.
Major*, 67 Mo. 247; *State ex rel. v. Gray*, 106 Mo.
526.

BURGESS, J.—This is a suit in equity by the only
children and heirs at law of J. W. Baldwin, deceased,
to surcharge and falsify the accounts of I. M. David-
son as the administrator of the estate of said Joseph
W. Baldwin, deceased.    The suit was begun in the cir-

cuit court of Butler county, but the venue was subsequently changed to the circuit court of Washington county, where a trial was had on the eighth day of March, 1894. The defendant, I. M. Davidson, died since the suit has been pending in this court, and it was revived against the present defendants as his executors.

At the request of plaintiffs the court made a finding of facts as follows:

"1. The court finds that at the May term, 1890, of the probate court of Butler county, Missouri, in which court administration proceedings were pending, the defendant Davidson on Thursday, the fourth day of the term of said probate court, filed his final settlement, after having given due notice according to law of his intention to make said settlement. The probate court approved said settlement by its proper order entered of record. The court finds from the evidence that the attorney of the plaintiffs in this action, representing the heirs, had informed the probate judge that he desired to contest the settlement of Davidson prior to the filing thereof, and was informed by the said probate judge that when the settlement was filed, if it was fair on its face, he would approve it, and the heirs could then appeal from his judgment. The court further finds that the probate judge acted from no improper motives in so advising counsel; that defendant Davidson was not advised that any contest was to be made upon said settlement; that there was no collusion between the probate judge and said Davidson as to the time when said settlement should be filed, or as to its examination and approval. The court finds that said settlement was duly approved.

"2. The court further finds that within the time allowed by law the plaintiffs here, who were the parties desiring to object to said final settlement, filed their

affidavit for appeal from the judgment of the said probate court and also gave their appeal bond as required by law, and that thereupon the said final settlement and proceedings in connection therewith were by the probate court transferred and sent to the circuit court of Butler county, Missouri; that said transcript was filed in the said court on the seventh day of July, 1890; that said cause on appeal remained of record in the circuit court from the date of the filing of said transcript until August, 1891, when the said appeal was voluntarily dismissed by the plaintiffs; that at one term of the said court this cause was continued by agreement of the parties; that depositions were taken in said cause and preparations were made for trial thereof; motions filed from time to time to suppress depositions; which motions were acted on by the circuit court in said cause; that no attack was made upon the jurisdiction of the Butler county circuit court, in said cause, and no question raised as to such jurisdiction; and the court finds from the evidence that said court had jurisdiction of said cause."

The court then found as conclusions of law "that under the finding of facts numbered 1, when the final settlement was approved by the probate court, it had the full force and effect of a judgment, and could only be set aside for fraud in the procurement of said judgment; and being a judgment of the probate court, it is entitled to the same favorable presumptions and intendments as are accorded the orders and judgments of the circuit court; and the court finds that there was no fraud on the part of Davidson or the probate judge in the matter of the procurement of the said judgment of the final settlement."

And under finding of facts number 2: "That the plaintiffs had in said probate court a full and adequate remedy for a proceeding at law to correct all

errors, if any, and improper charges by said Davidson as administrator in his final settlement, and having such complete remedy at law and having voluntarily dismissed their proceeding they ought not now be permitted by a proceeding in equity to again litigate the same matters.''

Plaintiffs' bill was then dismissed and judgment rendered against them for costs. They then filed their motion for a new trial and the same being overruled they appealed.

No objection is taken in the motion for a new trial to the finding of facts, or to the failure of the court to find on any allegation in the petition with respect to any specific matter, so there is nothing presented by the record for review, save and except the law as ruled by the court upon the facts as found.

While the court correctly declared the law to be that the approval by the probate court of the final settlement of Davidson was in law a final judgment and entitled to the same favorable presumptions which are accorded to the judgments of all courts of record which can only be set aside for fraud in their procurement, it does not seem to us that the facts, as found, justified the conclusion that there was no fraud upon the part of Davidson or the probate judge with respect to the approval of the final settlement.

When the attorney for plaintiffs informed the probate judge that he desired to contest the settlement of Davidson prior to the filing thereof, and was informed by said judge that when the settlement was filed, if it was fair on its face he would approve it and the heirs could then appeal from his judgment, it showed a determination upon his part to approve it whether right or wrong in fact, and although it may have been burdened with fraudulent debits and credits. He not only advised plaintiffs' attorney of his purpose

to approve the settlement, but seems to have carried out his pre-determination to the letter, and to have given them no opportunity to be heard with respect to the settlement as a whole, or any part or parcel thereof. This was not only a fraud upon plaintiffs but an absolute denial of justice, and showed conclusively that the approval of the settlement was procured by reason of a fraudulent and collusive arrangement between Davidson and the judge of the probate court. A judgment thus obtained will be set aside at the instance of the heirs of the administrator's intestate. *Mayberry et al. v. McClurg et al.*, 51 Mo. 256; *Miles v. Jones*, 28 Mo. 87; *Harris v. Terrell's Executor*, 38 Mo. 421; *Smith v. Sims*, 77 Mo. 269.

Nor are we prepared to concur in the views of the trial court as to the law under the finding of facts numbered 2. The voluntary dismissal of the appeal from the probate to the circuit court is no bar to this proceeding. Its legal effect is nothing more nor less than a voluntary nonsuit, which is not a bar to another suit on the same cause of action. To be a bar to another action there must be judgment on the merits. It then becomes *res adjudicata*. *Ellington v. Crockett*, 13 Mo. 72. In *Wells v. Moore*, 49 Mo. 229, it is said that "where the former adjudication was not on the merits, it forms no bar to another action." The merits of the case were in no way passed upon by the probate court, hence no bar to this action.

Nor is the fact that plaintiffs may have had adequate remedy at law, by the prosecution of their appeal from the probate to the circuit court, any barrier to the prosecution of this suit. In *Stewart v. Caldwell*, 54 Mo. 536, SHERWOOD, J., in delivering the opinion of the court, said: "But fraud belongs to the original jurisdiction, always exercised by a court of equity, and constitutes its most ancient foundation; and such

jurisdiction is not ousted because a remedy exists at law, for the jurisdictional powers formerly possessed by that court still continue unaffected by the enlargement which is taking place in the functions of the courts of law; and will not be extinguished by anything short of direct and positive prohibitory enactment." 1 Story's Eq. Jur., secs. 64, 80 and cases cited; *Potter v. Herring*, 57 Mo. 184.

The judgment is reversed, and the cause remanded with directions to the trial court to proceed with the trial of the cause upon its merits.

GANTT, P. J., and SHERWOOD, J., concur.