Pond v. Huling.

---

JOHN C. POND, Defendant in Error, v. GEORGE D. HULING, Plaintiff in Error.

Kansas City Court of Appeals, June 18, 1906, and May 6, 1907.

1. RES ADJUDICATA: Pleading: Motion to Strike Out: Exceptions. In a suit on a taxbill the answer set up the invalidity of the ordinance under which the taxbill was issued. The reply pleaded a former action in equity "the object, purpose and general nature of which was to obtain a decree enjoining the collection of the taxbills . . . and to remove the cloud," etc. The defendant moved to strike out the plea in the reply and on its being overruled took no exceptions. Held, the reply was not wholly bad and the failure to take exceptions waived the defects and the same object was sought in the bill in equity as is sought by the answer.

2. ————: Issues Settled: Extent of Bar. All issues, which might have been raised and litigated in any case, are as completely settled by the final decree therein as if they had been directly adjudicated and included in the verdict; so where in a bill in equity to cancel certain taxbills it was attempted to set up that the contract permitted the working of the men for more than eight hours a day in contravention of the law and the matter was ruled badly pleaded, that judgment bars the same matter as defense when suit is brought to enforce the taxbills.

3. ————: ————: Trial on the Merits. Held, further, that the dismissing of the defendant's former bill in equity declaring the taxbill void was a judgment on the merits and was an end of the litigation.

Error to Jackson Circuit Court.—Hon. James H. Slover, Judge.

AFFIRMED.

*Albert Young* for plaintiff in error.

(1) Plaintiff's reply to defendant's second amended answer is insufficient in every respect and contains only conclusions of law and thereby becomes an admission of the facts as set up in defendant's second amended answer. Our Supreme Court has especially held such answers bad, and that the defendant is in no case compelled to file a motion to make such answers more definite and certain or sufficient. Long v. Long, 79 Mo. 644; Snyder v. Free, 114 Mo. 360; Young v. Schofield; 132 Mo. 650; Bowles v. Bennington, 136 Mo. 522; Dezell v. Fidelity and Casualty Co., 176 Mo. 279; R. S. 1899, secs. 607, 608. (2) Defendant's motion to strike out parts of plaintiff's reply was in effect a demurrer, and therefore a part of the record. Priest v. Way, 87 Mo. 16; State ex rel. v. Simmons Co., 109 Mo. 118. (3) Defendant's motion to strike out that part of plaintiff's reply wherein he alleged that defendant knew of the letting of the contract to the Bandera Flagstone Company, and knew of the progress of work, but failed to take any measures legally to stop the work, should have been sustained, for the reason that said alleged defense constituted no estoppel upon defendant. Perkinson v. McGrath, 9 Mo. App. 26; Keane v. Klausman, 21 Mo. App. 485; Verdin v. St. Louis, 131 Mo. 99. (4) There is no proper plea of former adjudication in this cause. Plaintiff's plea is fatally defective and insufficient in every respect. It is a well settled principle that a former judgment does not constitute a bar of subsequent proceedings for the same cause of action, unless such judgment was rendered on the merits of the case, and the pleading must effectively show this fact. Therefore, a plea of former adjudication is fatally defective unless it alleges that the former judgment or decree was on the merits of the case. Griffin v. Wallace, 66 Ind. 418; Reed v. Higgins, 86 Ind. 147; Railroad v. McCammon, 108 Mich. 373; Columbus v. Watson, 26 Ind. 50; Riley v. Lyons, 58

Tenn. 251; McBurnie v. Seaton, 111 Ind. 56; Dunklee v. Godenough, 63 Vt. 459; Philip v. Spencer, 63 Tex. 604; Machine Co. v. Coal Co., 10 W. Va. 284; Knickerbocker v. Ream, 42 Kan. 17; Jourolmon v. Massengill, 86 Tenn. 81; Baldwin v. Davidson, 139 Mo. 126. (5) Before a former judgment between the same parties or their privies can constitute *res adjudicata* it must be shown that the same matter was raised by the pleadings and passed upon by the court. Even though the same questions were set up or raised in the former case, yet if by the record or parol evidence, it appears that the merits of the matter in dispute were not passed upon, the judgment is not a bar. Baldwin v. Davidson, 139 Mo. 126; Wright v. Salisbury, 46 Mo. 29; Spradling v. Conway, 51 Mo. 54; Hickerson v. Mexico, 58 Mo. 65; St. Joseph v. Railway, 116 Mo. 643; Baker v. Lane, 137 Mo. 688; Sconce v. Long-Bell Co., 54 Mo. App. 512; Dawson v. Quillan, 61 Mo. App. 677.

*Jere T. Drew* for defendant in error.

(1)   The real subject in controversy, the material and main issue to be settled in the case, Huling v. Bandera Flag Stone Co., the validity and lien of these two taxbills, constitutes the merits of the case—not each separate and distinct matter of evidence or point alleged to sustain or defeat the main issue. Donnell v. Wright, 147 Mo. 639; Hamilton v. McLean, 169 Mo. 73; State ex rel. v. St. Louis, 145 Mo. 551; Chouteau v. Gibson, 76 Mo. 38; Lyman v. Harvester Co., 68 Mo. App. 637; Railroad v. Levy, 17 Mo. App. 507; 1 Herman on Estoppel and Res Adjudicata, p. 548, sec. 457; Werlin v. New Orleans, 177 U. S. 391; New Orleans v. Bank, 167 U. S. 397; Cromwell v. County of Sac, 94 U. S. 351; Davis v. Brown, 94 U. S. 423; Aurora v. West, 7 Wall. 82; Building and Loan Ass'n v. Welling, 116 Fed. R. 105; Exposition Driving Park v. Kansas City, 174 Mo. 425. (2) Plaintiff in error is also wrong in his contention that the

matters of *res adjudicata* and estoppel set up in the reply were not sufficiently pleaded. That it is defective in that it did not allege the judgment to have been on the merits. A pleading conforming substantially with the precedents given in the Missouri Statutes is held to be sufficient. R. S. 1899, form No. 36; 2 Lansing's Forms of Civil Procedure (New York Code), p. 902, form No. 1015; 2 Herman on Estop. and *Res Adjudicata*, p. 1419, sec. 1269; Strong v. Grant, 2 Mackey (D. C.) 218; Railroad v. New Orleans, 14 Fed. 373; Stearns v. Lawrence, 83 Fed. 738; Miles v. Strong, 68 Conn. 273. (3) The bar and estoppel was and is sufficient in substance and in form and constitutes a complete defense to defendant's answer. It was sufficiently pleaded and did not admit his defenses, nor entitle him to judgment. No traverse of the answer was necessary, when the new matter in the reply went to his entire answer; and, furthermore, he cannot be heard on that point, nor on the motion to strike out parts of the reply, for he waived all objections by filing his rejoinder and going to trial, and treated the traverse as sufficient. B. and L. Ass'n v. Obert, 169 Mo. 507; Ferguson v. Davidson, 147 Mo. 664; Gaty v. Clark, 28 Mo. App. 332; Nelson v. Wallace, 48 Mo. App. 193; Kortzendorfer v. St. Louis, 52 Mo. 204; Revised Statutes 1899, secs. 627, 672. (4) "A former decree in a suit in equity between the same parties, and for the same subject-matter, is also a good defense in equity, even although it be a decree merely dismissing the bill, if the dismissal is not expressed to be "without prejudice." Story's Eq. Jur. (10 Ed.), sec. 1523; Herman on *Res Adjudicata* and Est., sec. 403; Daniel's Chancery Practice (4 Ed.), p. 659; Coleman v. Dalton, 71 Mo. App. 14; Knowlton v. Hanbury, 117 Ill. 471; Tilley v. Bridges, 105 Ill. 336; Stickney v. Goudy, 132 Ill. 213; Taylor v. Yarborough, 13 Gratt. (Va.) 183; Gove v. Lyford, 44 N. H. 525; Foote v. Gibbs, 1 Gray (Mass.) 412; Bigelow v. Winsor, 1 Gray (Mass.) 299; Lewis v. Lewis,

106 Mass. 309; Blockington v. Blockington, 113 Mass. 231; Bledsoe v. Erwin, 33 La. Ann. 615; Adams v. Cameron, 40 Mich. 506; Pelton v. Mott, 11 Vert. 148; Case v. Beauregard, 101 U. S. 688; Durant v. Essex Company, 7 Wall. (U. S.) 107; Lyon v. Perin & Goff Mfg. Co., 125 U. S. 698; Tankersley v. Pettis, 71 Ala. 179; Strang v. Moog, 72 Ala. 460; Scully v. Railroad, 46 Iowa 528; Goodenow v. Litchfield, 59 Iowa 226.

BROADDUS, P. J.—The plaintiff's suit is to recover judgment on two special taxbills and to enforce a lien on certain real estate belonging to the defendant. The petition is in the usual form in such cases. The plaintiff is the assignee of the Bandera Flag Stone Company, the party that did the work. The work consisted in constructing natural stone sidewalks on both sides of Seventeenth street from the curb line on the west side of Broadway to the curb line on the east side of Pennsylvania avenue. The defendant's lots abutted on Seventeenth street.

The answer contains a general denial and certain specific defenses, viz.: First, that on the — day of November, 1897, the common council of Kansas City passed, and the mayor approved, a pretended ordinance, numbered 9002, under which plaintiff's taxbills were issued. Section three of which provided that, "The width of the sidewalk shall not be less than six feet, so that the outer edge shall be determined by the city engineer. The walk shall be laid to the established grade of the street, and shall slope upward from the curb at the rate of one quarter of an inch to the foot." The answer then proceeded to allege that by section two, article 9, of the city charter, under which the taxbills were issued, it is provided that the common council shall have the power to improve the streets and sidewalks of the city . . . of such dimensions and with such materials, and in such manner and under such regulations as shall be prescribed

by ordinance; that the common council failed to provide by ordinance for the construction of said sidewalks as the charter required, but on the contrary authorized the city engineer to prescribe the width of the stone to be laid as such sidewalk, as well as the distance of the same from the curb line; and that the said engineer did prescribe the width of the walk as well as its distance from the curb line. The second defense is, that the contract prohibited the contractor from requiring laborers employed in the work to labor more than eight hours a day as provided by ordinance, which defendant alleges was illegal.

The plaintiff replied to defendant's answer denying its allegations "excepting only as may be expressly admitted hereinafter." The reply among other matters sets up the plea of *res adjudicata,* viz.: That in October, 1898, the defendant instituted a suit in the circuit court of Jackson county for the purpose of obtaining a decree enjoining the collection of said taxbills, and to have them declared null and void, and cancelled, and the pretended cloud removed from his property. That on a trial of the cause, the finding and judgment were in favor of the said company, the then owners of the taxbills, and plaintiff's (defendant's) bill dismissed; that defendant herein appealed from the judgment of the said court to the Kansas City Court of Appeals wherein upon hearing the said judgment was affirmed in all respects.

The defendant moved to strike out all that the special matter set out in said reply, which was by the court overruled. A trial was had, which resulted in a judgment for plaintiff, to reverse which defendant sued out his writ of error. The facts set up in the plea of *res adjudicata* are not denied, but the legal effect of the plea is the matter for determination. The contention of defendant at the very threshold of the case is, that the plea in bar was not sufficient as it does not state facts going

to show that the matter in litigation is the same now in issue.

The plea of *res adjudicata* is general in its terms and does not attempt to set out the facts in issue in the former suit. There is no disputing the rule, that such a plea should state the issues, so that the court may see whether or not the plea is available as a bar.

The allegation of the reply. that in the former action, "the object, purpose and general nature of which was to obtain a decree enjoining the collection of said taxbills, and to have them declared null and void, and cancelled, and the pretended cloud thereof removed from the title to said property," is indefinite. And we presume that a motion to compel plaintiff to amend his pleading in that particular would have been sustained. But he elected to move to strike it out, which was substantially a demurrer. As he took no exceptions to the action of the court in overruling his motion, he waived the defect. We do not think the reply was wholly bad, when we construe it with reference to the defendant's answer. The defense sets out a state of facts, which defendant insists made the taxbills void for want of compliance with the city charter. The plea of the reply is that the object of the former proceedings was to have them declared null and void, and that the judgment of the court sustained their legality; the same object is sought to be established by the facts set up in the answer. The opinion in Huling v. Bandera Flag Stone Company, reported in 87 Mo. App. 349, shows that the matter set up in defendant's answer, the ordinance 9002 and the contract made in accordance with it, was null and void as being repugnant to the city charter. The opinion of the court was adverse to defendant herein on that question.

The defense herein that the eight hour day labor ordinance governing laborers engaged by contractors in doing city work, was attempted to be set up as a cause for holding the taxbills void, but the opinion holds, that

the matter was not sufficiently pleaded and declined to pass upon it; therefore, it was not adjudicated. Under this condition of the record of the two cases, defendant insists that the plea of *res adjudicata* was not sustained under the law as held by the decisions of the courts of, the country, some of which it will be necessary to notice. In Russell v. Place, 94 U. S. 606, the court said: "To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried and determined—that is, that the verdict in the suit could not have been rendered without deciding that matter; it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter." In Soderberg v. Armstrong, 116 Fed. Rep. 709, the court after referring to certain decisions said: "Under the principles announced in these decisions the judgment in the former suit in the state court is not conclusive as to matters which might have been decided, but is only conclusive as to such matters as were in fact decided." And we find the law stated substantially the same in [Western M. & M. Co. v. Coal Co., 10 West Va. 250; Railroad v. McCammon, 108 Mich. 368; Riley v. Lyons, 58 Tenn. 246; Jourolman v. Massengill, 86 Tenn. 81.]

On the other hand our attention has been called to other decisions, chiefly of this State. In Donnell v. Wright, 147 Mo. 639, in an opinion written by Judge Brace, it is said: "The law does not favor the splitting of one's cause of action, so that, where one, as plaintiff in an equity suit to set aside a tax deed, alleged six grounds of its invalidity in the petition, and only five were urged in the instructions and on appeal, all of which were overruled in a general decree in favor of the validity of the deed, he cannot, as defendant in a subsequent suit in ejectment founded on said tax deed, urge

125 App—31

as a defense the sixth ground abandoned by him on the former trial." And further that, "All the issues, which might have been raised and litigated in any case, are as completely barred by the final decree therein, as if they had been directly adjudicated and included in the verdict." The ruling is similar in Hamilton v. McLean, 169 Mo. 51; State ex rel. v. St. Louis, 145 Mo. 551; Chouteau v. Gibson, 76 Mo. 38; Lyman v. Harvester Co., 68 Mo. App. 637.

We deem it unessential to discuss the effect of the decisions of some other jurisdictions, as the rule as stated has prevailed without exception in this State. We do not consider the case of Tootle v. Buckingham, 190 Mo. 183, as an exception to the rule when rightly understood, for the effect of the decision is, that the causes of action in the two cases were different.

But it is contended that the plea is not available because it is not shown that there was a judgment on the merits. In Baldwin v. Davidson, 139 Mo. 118, it was held: "A voluntary dismissal of an appeal from the probate court by the heirs is no bar to a subsequent suit in equity by them to surcharge and falsify the accounts of the administrator and to set aside the judgment of the probate court. To be a bar to another action, there must be a judgment on the merits." And so is the holding in Spradling v. Conway, 51 Mo. 51, and other Missouri cases. The plaintiff admits this to be the law, but contends that the judgment of the court dismissing the defendant's bill was a judgment on the merits. In Coleman v. Dalton, 71 Mo. App. 14, in an opinion by Judge GILL, it was held: "Where the circuit court hears an application for a writ of prohibition to the probate court and renders a final judgment disallowing the relief sought, dismissing the petition and awarding the defendant costs, there is an end of the controversy and such judgment is a bar to a similar proceeding in a court of appeals, though the judgment of the circuit court was

rendered on demurrer." And so it was held in The Conn. Mut. Life Ins. Co. v. Smith, 117 Mo. 262. And it is so held in other States: Lewis v. Lewis, 106 Mass. 309; Bledsoe v. Erwin, 33 La. Ann. 615; Adams v. Cameron, 40 Mich. 506; Pelton v. Mott, 11 Vermont 148. And also by the Supreme Court of the United States in Lyons v. Perin, 125 U. S. 698.

It follows from what has been said that the cause should be affirmed. Affirmed. All concur.