FRANK C. O'MALLEY, Administrator, Respondent, v. JOHN U. MUSICK, Appellant.

St. Louis Court of Appeals, June 8, 1915.

1. **FRAUD AND DECEIT: Sufficiency of Evidence.**   In an action for fraud in inducing plaintiff's intestate to exchange her land for nonexistent land, evidence *held* sufficient to support a verdict for plaintiff.

2. **RES ADJUDICATA: Matters Concluded: Identity of Causes of Action: Adjudication not on Merits: Splitting Demands.** Defendant represented to plaintiff's intestate that he was the

O'Malley v. Musick.

agent of the owner of certain land, which, as a matter of fact, was nonexistent, and entered into negotiations with her for an ,exchange of land belonging to her for the fictitious property. In the negotiations, defendant used a false plat, purporting to be a true copy from the records of the county in which the fictitious land was represented to be located, which bore a certificate by him, over his hand and seal as a notary public, to the effect that the plat was a correct copy of the original on record. A. false abstract also was furnished plaintiff's intestate, appearing on its face to show perfect title in the putative owner of the fictitious land. Plaintiff's intestate made the exchange, the deed given to her appearing to have been acknowledged by the putative owner before defendant as a notary public. After discovering the fraud, plaintiff's intestate, as relator, instituted suit on the bond given by defendant as a notary public, on the theory that defendant had committed a breach of the bond, in and about said transaction. A recovery was denied relator for the reason that the action was barred by the special Statute of Limitations applicable to suits on bonds of notaries public (Sec. .10181, R. S. 1909). Subsequently, this action, for fraud on the part of defendant in inducing plaintiff's intestate to exchange her land for nonexistent land, was insti,tuted. *Held*, that the judgment rendered in the action on the bond, is not a bar to the present action, for the reason that the two causes of action are not identical and no point adjudicated in the former action was presented for adjudication in the latter, and for the further reason that the judgment rendered in the former action was not an adjudication on the merits. *Held, further*, that the bringing of the two suits was not a splitting of the cause of action.

3. ———: ———: **Adjudication not on Merits.** A suit is not barred by a former judgment unless such adjudication was on the merits.

4. **STATUTE OF LIMITATIONS: Disabilities: Married Women.** The provisions of the Statute of Limitations, relating to the time for bringing an action for fraud, do not, under Sec. 1894, R. S. 1909, apply to married women; and, under Sec. 1896, the personal representative of a deceased married woman may bring such an action within one year after her death.

5. **FRAUD AND DECEIT: Instructions: Singling Out Facts.** In an action for fraud in inducing plaintiff's intestate to exchange her land for nonexistent land, by means of a plat, purporting to cover the nonexistent land, *held* that, in view of the fact that defendant's use of such plat was not a mere isolated circumstance in the case, but was the chief evidence to connect defendant with the fraud, an instruction requiring the jury to find that defendant exhibited the plat to the agent of plaintiff's

intestate and represented that the land was the land to be exchanged for hers, was not improper as directing the jury's attention to a particular fact in evidence and unduly emphasizing it.

6. DAMAGES: Generality of Instructions: Waiver. Where the instruction on the measure of damages is correct in its general scope, it is the duty of defendant, if he deems the instruction too general, to request that a limiting instruction be given.

7. FRAUD AND DECEIT: Parties: Real Party in Interest. In an action for fraud in inducing plaintiff's intestate to exchange her land for nonexistent land, the fact that the intestate took the deed covering the nonexistent land in the name of her daughter was no ground for arresting a judgment for plaintiff, on the theory that plaintiff's intestate was not the real party in interest, since the intestate was the one defrauded of the property which she exchanged.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Frank H. Braden, George W. Lubke* and *George W. Lubke, Jr.,* for appellant.

*Thomas D. Cannon* and *F. C. O'Malley* for respondent.

(1) The plea of *res adjudicata* made by defendant here is not well taken. The case of State ex rel. Margaret O'Malley v. John U. Musick et al. (reported in 145 Mo. App. 33, and 165 Mo. App. 214) was an action upon the official bond of defendant Musick as a notary public. The three years' Statute of Limitations (Sec. 10, 181, R. S. 1909) was pleaded, and the following conclusion was reached by this court: "Our conclusion is that this action was, under the law, clearly barred by the Statute of Limitations (Sec. 10, 181, supra) at the time it was instituted. This conclusion results in the reversal of the judgment and it is so ordered." The merits of the case were not considered, and the trial

judge so held, and properly denied the defendant's plea of *res adjudicata.* The plea of *res adjudicata* must fail where there is no identity of the cause of action, or where the merits of the subject-matter of the former suit were not litigated. Windham v. Kline, 77 Mo. App. 37; Perkins v. Goddin, 111 Mo. App. 442; Lincoln Trust Co. v. Nathan, 122 Mo. App. 328; Short v. Taylor, 137 Mo. 517; Couch v. Hart, 210 Mo. 457. (2) There was no election of remedies in the case of State ex rel. Margaret O'Malley v. John U. Musick et al. Mrs. O'Malley did not have two remedies; the remedy she pursued against the notary and his bondsmen was barred by the Statute of Limitations when the suit was filed; the plaintiff in that case was mistaken in the remedy she pursued. She did not have two remedies in fact, and could not make a binding choice. There was only one existing remedy at the time, which she did not pursue, but which her administrator is now prosecuting here. Johnson Brinkman Co. v. Railroad, 126 Mo. 351; Hartwig v. Insurance Co., 167 Mo. App. 130. (3) Instruction number 1 is not open to the objection made by appellant that it unduly comments or gives prominence to certain parts of the testimony. Rollins v. Schawaker, 153 Mo. App. 291; Oehler v. German-American Ins. Co., 159 Mo. App. 695. Plaintiff is not to be condemned because he failed to request other instructions, for the law does not intend to compel a litigant to make such request unless he chooses to do so. Sowders v. Railroad, 127 Mo. App. 119. (4) Instruction number 2 upon the measure of damages is not open to the objection directed against it by the appellant. If the plaintiff's instruction on the measure of damages is general, and in nowise particularizes the damages, it devolves upon the defendant to ask an instruction limiting what might possibly be its effect upon the jury. Pope v. Florea, 167 Mo. App. 601; Reeves v. Lutz, 179 Mo. App. 86; Morris v. Railroad, 184 Mo. App. 106. (5) The petition charged and the

testimony showed that plaintiff's intestate desired to take the title to the Georgia land described in the name of Mary M. O'Malley for the benefit of herself, the intestate, and if the defendant had any objection to the allegations of the petition in that respect, it was his duty to raise the question by a proper pleading; the objection comes too late after verdict and cannot be raised by a motion in arrest. Railroad v. Express Co., 145 Mo. App. 371, 375; Handle v. Huffman, 140 Mo. App. 642; Bennett v. Railroad, 151 Mo. App. 598; Reifschneider v. Beck, 148 Mo. App. 740; Mirgus v. Bank of Ethel, 136 Mo. App. 413; Barnard v. Keathley, 230 Mo. 222. The fact is that under the authorities in this State either the intestate or her daughter might bring suit for the fraud. Ellis v. Harrison, 104 Mo. 277.

ALLEN, J.—On and prior to May 12, 1900, Margaret O'Malley, a married woman, was the owner of certain real property in the city of St. Louis, and on the day mentioned she agreed with the defendant to exchange her said property for certain lands described as and purporting to lie in Montgomery county, Georgia. The defendant is a real estate agent, and it appears that the negotiations in question were begun by him with another real estate agent representing Mrs. O'Malley. The defendant represented himself as the agent of one Dunford, the putative owner of the Georgia lands, which was said to consist of "Lot 44 of the Thomas Cooper Grant of 77,000 acres, containing one thousand acres, as numbered on the surveyor's plat of the Cooper Grant" of Montgomery county, Georgia.

In point of fact the so-called Thomas Cooper Grant was one of certain early fraudulent land grants in the State of Georgia, which, shortly after the granting thereof, were by legislative enactment declared to be fraudulent and void. It appears that the county in question consists of only some 550,000 acres, whereas

these fraudulent land grants purported to grant to certain persons about 7,000,000 acres of land therein.

The evidence is that certain persons in the city of St. Louis, operating with others in Montgomery county, Georgia, dealt in these fictitious lands. Through pretended conveyances to Dunford, who lived in the city of St. Louis, a semblance of title to certain of these lands was made to appear as being in him; and it seems that prior to the occasion here in question he had executed various deeds purporting to convey portions of such lands, his acknowledgments to which deeds had been taken by the defendant as a notary public.

In the negotiations leading up to the exchange of Mrs. O'Malley's property, a false plat was used by defendant purporting to be a true and correct copy from the records of Montgomery county, which bore a certificate by him, over his hand and seal as a notary public, to the effect that the same was a correct copy of the original on record. Mrs. O'Malley's husband went to Montgomery county, Georgia, and was shown land purporting to be the land to be exchanged. A false abstract was furnished Mrs. O'Malley's representatives, appearing upon its face to show perfect title in Dunford to the land in question. She thereupon executed and delivered a deed to her property in exchange for Dunford's deed to the fictitious Georgia lands; the latter deed, wherein Dunford was described as being of Montgomery county, Georgia, appearing to have been acknowledged by him before defendant as a notary public.

On January 12, 1906, Mrs. O'Malley, as relator, brought suit in the circuit court of the city of St. Louis against this defendant and the sureties upon his bond as notary public, upon the theory that defendant had committed a breach of the bond in and about the transaction aforesaid. The trial of said cause in the circuit court resulted in a judgment against defendant

and his said sureties for the penalty of the bond, to-wit, $5000. After having been appealed to this court the cause was transferred to the Springfield Court of Appeals and there disposed of in an opinion by NIXON, J., of that court. [See State ex rel. v. Musick, 145 Mo. App. 33, 130 S. W. 398.] Subsequently the Supreme Court declared unconstitutional and void the legislative Act under which such transfer to the Springfield Court of Appeals had been made; by reason whereof the case was retransferred to this court, where the jurisdiction of the appeal continued to reside. In finally disposing of it, this court adopted the opinion of the Springfield Court of Appeals cited above, and reversed the judgment. [See State ex rel. v. Musick, 165 Mo. App. 214, 145 S. W. 1184.] A reference to that opinion will disclose that it was held that the action was barred by the special Statute of Limitations applicable to suits upon bonds of notaries public (Sec. 10181, Rev. Stat. 1909), which had been invoked by the defendants.

On January 15, 1911, Mrs. O'Malley departed this life; and on January 5, 1912, her administrator, the plaintiff herein, instituted this action which proceeds against the defendant as for fraud and deceit in procuring the exchange of Mrs. O'Malley's St. Louis property for the fictitious Georgia lands. The trial below before the court and a jury resulted in a verdict and judgment for plaintiff in the sum of $6000, and the case is here on defendant's appeal.

It is unnecessary to notice the pleadings, or to review the testimony adduced to support the allegations of fraud charged in the petition. Appellant does not challenge the action of the trial court in overruling its demurrer to the evidence. Though he claims to have been innocent of the fraud, and to have been interested only to the extent of his commissions as a real estate broker, there is ample evidence to support the verdict against him.

The points urged for a reversal may be briefly disposed of. The contention that the judgment in the former case concludes the rights of the parties in this is clearly without merit. The former action was, as said, one for a breach of the obligation of defendant's bond as a notary public, and proceeded against the defendant and his sureties. It was held on appeal that the particular cause of action sued upon was barred by the special Statute of Limitations, supra, the relator's disability by reason of being a married woman not preventing the running of the statute. The reasons for this ruling will fully appear by reference to the opinion of Nixon, J., adopted by this court. [State ex rel. v. Musick, 145 Mo. App. 33, 130 S. W. 398.] The instant suit is not upon the identical cause of action involved in the former case, but is one sounding in tort, for the recovery of damages for the alleged false and fraudulent representation of defendant in the premises, and his alleged conspiracy with others to defraud plaintiff of her property. The present action is not governed by a special Statute of Limitations; and is not barred by the provisions of the Statutes of Limitation applicable to cases of this character, for the reason that Mrs. O'Malley was under the disability of coverture until her death and the cause was instituted within one year thereafter. [See Secs. 1894 and 1896, Rev. Stat. 1909.]

It is true that this petition, among other allegations of facts respecting the alleged fraud, avers that the defendant executed a false acknowledgment as notary public. This, however, is but one link in the chain of fraud alleged and which the evidence goes to establish. It does not make his cause of action identical with that involved in the prior suit against the defendant and his sureties for an alleged breach of defendant's bond as a notary.

Nor is there here any question as to the splitting of demands, as appellant contends. What would be the

situation if a recovery had been had in the former suit and a further recovery sought in such an action as this, is a matter with which we have no present concern. And there are other phases of the matter which need not be adverted to.

The entire argument respecting the effect of the former judgment may be disposed of by saying that in that action there was no adjudication on the merits. The fact that the action was barred by the special statute interposed prevented a determination of the cause on appeal upon its merits. And not having been disposed of on the merits, it could in no manner affect plaintiff's right to maintain the present suit. [See Baldwin v. Davidson, 139 Mo. 118, 40 S. W. 765; Short v. Taylor, 137 Mo. 517, 38 S. W. 952; Johnson v. United Railways Co., 243 Mo. 278, 147 S. W. 1077; 23 Cyc., p. 113 *et seq.*] And it cannot be successfully contended that though the two causes of action are not identical nevertheless a point actually adjudicated in the former action concludes the parties thereafter as to the matter so adjudicated, as in LaRue v. Kempf, 186 Mo. App. 57, 171 S. W. 588, and cases of that character.

Appellant complains of an instruction given for plaintiff, on the ground that it is an unwarranted comment on the evidence, directing the attention of the jury to a particular fact in evidence and unduly emphasizing the same. This instruction is lengthy and it is unnecessary to here reproduce it. Among other things it requires the jury to find that the defendant exhibited to Mrs. O'Malley's agent the plat above referred to, and represented that lot forty-four marked thereupon was a correct description of the one thousand acres of land to be taken in exchange for Mrs. O'Malley's property. An examination of the instruction, in the light of the evidence adduced, convinces us that no reversible error was committed in giving the instruction in this form. The testimony for plaintiff as to the use made by defendant of this fraudulent plat, certified to

by him, was not a mere isolated circumstance in the case, but constituted the chief evidence to connect the defendant directly with these fraudulent land deals and to show that he was not acting as a mere agent in ignorance of the fraud. We therefore rule the point against appellant.

Complaint is made of the instruction on the measure of damages, because of the generality thereof. But there is clearly no merit in this contention. The instruction is well enough in its general scope; if the defendant deemed it too general it was his duty to ask a limiting instruction. [See Browning v. Railroad, 124 Mo. 55, 27 S. W. 644; King v. City of St. Louis, 250 Mo. 501, 157 S. W. 498; State v. Reynolds, 257 Mo. 19, 165 S. W. 729; Nelson v. United Railways Co., 176 Mo. App. 423, 148 S. W. 446.]

It is said that the motion in arrest should have been sustained for the reason that Mrs. O'Malley, whose administrator now prosecutes this action, was not the real party in interest. This argument is based upon the fact that Mrs. O'Malley took the deed to the fictitious Georgia land in the name of her daughter. But this point is likewise without merit for the reason that it was Mrs. O'Malley who was defrauded of her property, and it is wholly immaterial to whom she may have desired to have the land deeded which she thought would be obtained in exchange for her property, but which was not in existence.

Other questions raised do not warrant discussion. The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.