————o————

THOMAS J. BARTHOLOW, *et al.*, Respondents, *vs.* WILLIAM D. W. BARNARD, *et al.*, Appellants.

1. *Bills and Notes—Protest—Due diligence—Excuse for failure to protest.*—The question whether the maker of a promissory note had left his place of residence so that a demand of payment could not be made there; or whether he had a place of business in the city where he resided, where such demand could be made, are questions of fact for the jury.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellant Ford.

I. In Gilchrist vs. Donnell, (53 Mo., 591) this court says, "It was the duty of the notary to inquire at least of all the parties to the note, if accessible to him, as to the residence of the defendants." (See Dennis vs. Walker, 7 N. H., 199; Packard vs. Lyon, 5 Duer., 82; Wheeler vs. Field, 6 Met., 290; Porter vs. Judson, 1 Gray, 175.)

The notary, if not bound to make demand at the maker's said office, was bound, inasmuch as he knew the maker was in New York, to make demand upon him there. (Smith vs. Philbrick, 10 Gray, 252; 1 Parson, Notes and Bills, p. 459, N. S.; Galpin vs. Hard, 3 M'Cord, 394.)

*R. H. Spencer*, for Respondents.

"Proof that the notary made inquiry of several of his acquaintances in different parts of the city of St. Louis, as to the place of business or residence of the maker of the bill, without being able to ascertain either, was held to dispense with proof of notice." (Shepard vs. Citizen's Ins. Co., 8 Mo,

272; Plahto's Adm'r vs. Patchin, 26 Mo., 389; Barry vs. Crowley, 4 Gill., 203 ; Pars. Notes and Bills, pp. 448, 459; Duncan vs. McCullough, 4 S. & R., 480 ; Franklin vs. Verbois, 6 La., 729 ; Sto. Prom. Notes, § 235; Hunt vs. Maybee, 7 N. Y., 266.)

What is due diligence, can only be determined by the circumstances of the case. (Linville vs. Welch, 29 Mo., 203 ; Bank of Columbia vs. Laurence, 1 Pet., 578; Harris vs. Robinson, 4 How., (U. S.) 336 ; Ranson vs. Mack, 2 Hill, 587.)

The notary may act upon the best information he can get. Harris vs. Robinson, 4 How., (U. S.) 336 ; Bartlett v. Isbell, 31 Conn., 296.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note by the plaintiffs as indorsees, against Wm. D. W. Barnard, as maker, and the other defendants as prior indorsers.

The petition alleges that the maker of the note resided in the city of St. Louis, but had no domicile in the city when the note matured, which was in July, 1870, and was absent from the city and State, and had no place of business in said city where demand of payment could be made ; that due diligence was used by the notary to find him, but without success.

The indorsers answered, denying all the material allegations of the petition, and a judgment by default, was taken against the maker.

The evidence tended to show that the maker was a resident of the city of St. Louis, but had no mansion house, but had a family, and had a room at a boarding house, which he furnished ; that at the maturity of the note, his family had gone to Illinois, and the room had been given up to the occupant of the boarding house, and no rent was paid for the same, and no one left in charge on whom a demand could be made ; and the evidence tended to show that the maker had temporarily gone to New York, and was there when the note matured.

The evidence was contradictory as to whether the maker had a place of business, and strongly tended to show that he had no place of business, and carried on no business in St. Louis. There was evidence tending to show that an attorney at law had a desk in his office which he permitted the maker of the note to use in writing letters to correspondents.

· The defendant, Ford, offered to renew the note after maturity, but afterwards declined to comply with this promise. The notary inquired of various persons and business men, and could not find out the whereabouts of the maker, and thereupon protested the note for non-payment. Upon this evidence, the court refused to declare the law to be that the plaintiffs could not recover, and the defendants excepted. The defendants also asked the court to declare the law to be, "that the petition averring the residence of the defendant, Barnard, to be in the city of St. Louis, at the maturity of the note in question, and the evidence showing that Barnard was temporarily absent at the time the note became due, and while absent left a place of business open, a demand of payment should have been made at the place of business; and that the plaintiffs are not entitled to recover." This declaration was refused, and the defendants excepted. The court, thereupon, sitting as a jury, found for the plaintiffs, and overruled a motion for a new trial, and rendered final judgment in favor of the plaintiffs, which the General Term affirmed, and the defendants have appealed to this court.

The question, whether the maker of the note had left his residence so that a demand of payment could not be made there, or whether he had a place of business in St. Louis where it could be made, were questions of fact, to be found by the court sitting as a jury. The court found these facts in favor of the plaintiffs, and this finding seems to be justified by the evidence, and these were sufficient to excuse any other efforts to make a demand than what were made by the notary. The declaration of law demurring to the evidence, was, therefore, properly refused.

The other declaration asked by the defendants, assumed as true, the very point that was chiefly disputed on the trial. The dispute was, whether the maker had a place of business, at all, in St. Louis. This was a question of fact for the court sitting as a jury, to find from the evidence; and there was no error in refusing this declaration.

Judgment affirmed. Judge Wagner absent; the other judges concur.