Landis v. Saxton.

---

LANDIS, *Appellant*, v. SAXTON.

---

DIVISION ONE.

---

1.  **Trusts**: STATUTE OF LIMITATIONS. The statute of limitations is applicable to constructive or implied trusts, which, not being within the exclusive jurisdiction of equity, are also grounds of actions at law, *e. g.*, partnerships, agencies and the like.

2.  ——— : ——— : SECRETARY OF CORPORATION. The statute of limitations will run in favor of the secretary of a corporation as to its moneys withheld by him.

3.  **Cause of Action**: DEMAND. Where an obligation to pay is complete, a cause of action at once arises, and no demand is necessary.

4.  ——— : ———. Where, however, such demand is necessary to perfect a right of action, it must be made within the period prescribed by the statute of limitations for bringing the action.

*Appeal from Buchanan Circuit Court.*

AFFIRMED.

*Huston & Parrish* and *B. R. Vineyard* for appellant.

(1) This action is brought under the provisions of section 2513, Revised Statutes of 1889. (2) The lower court erred in sustaining the demurrer to the petition, and in rendering judgment thereon against the plaintiff. "If one place money or property in the hands of another, to be kept safely and restored when demanded, this is a direct trust, to which the statute (limitations) will not apply." Angell on Limitations [May's Ed.] p. 170; *St. Louis Co. v. King*, 11 Pac. Rep. 178; *Oliver v. Chence*, 11 S. E. Rep. 655. The case stated in the petition is one of bailment; it is fiduciary, and, until that relation is terminated, either by demand and refusal or repudiation of the relation by the bailee, the statute

does not begin to run; there is, till that time, no cause of action; no violation of trust which alone gives a right to sue the bailee. *Goodwin v. Goodwin*, 69 Mo. 621. "Where one takes possession of property in his own name, and is afterwards, by matter of evidence or construction of law, changed into a trustee, he may plead the statute in bar." Angell on Lim. [May's Ed.] secs. 470-1. "In express and continuing trusts there is no limitation; the trustee holds for the beneficiary." *Bobb v. Woodward*, 50 Mo. 95. "But, if one is held as trustee for creditors, on the ground of fraud, against his will, his possession is adverse." *Bobb v. Woodward, supra; Poe v. Domic*, 54 Mo. 119. "An administrator, being a trustee, cannot avail himself of the statute against the heir." *Ruby v. Barnett*, 12 Mo. 3; *Dillon v. Bates*, 39 Mo. 301. "The statute does not commence to run until the cause of action accrues against the defendant." *Rabsuhl v. Lock*, 35 Mo. 316. (3) A repudiation of the fiduciary relation, evidenced either by demand and refusal, or adverse claim brought home to the notice of the beneficiary, is necessary to terminate the trust relation and change defendant's rightful possession into wrongful. *Beardslee v. Boyd*, 37 Mo. 180; *Polk v. Allen*, 19 Mo. 467; *Evans v. King*, 16 Mo. 525; *Butler v. Crawford*, 68 Mo. 280; *Eagle v. Sidwell*, 11 Mo. 567. (4) This case stands upon much stronger grounds. Here there is no relation of debtor and creditor until demand. Defendant's duty was that of simple custodian; his duty was to keep the identical money received; he was a mere bailee. Yet it is held that even the ordinary deposit in bank, or with an individual, where it was not intended that the identical money shall be retained, requires a demand before the statute of limitation begins to run. *Downs v. Bank*, 6 Hill (N. Y.) 297; *Howell v. Adams*, 68 N. Y. 314; *Payne v. Gardner*, 29 N. Y. 146; *Boughlin v. Flint*, 74 N. Y. 476; *Thompson v. Bank*, 82 N. Y. 1; *Smiley v. Fry*, 100 N. Y. 262.

*S. S. Brown* for respondent.

(1) The statute requires the action to be commenced within five years "after the cause of action shall have accrued." R. S. 1889, sec. 6773. Under Revised Statutes, 1889, section 2948, no demand was necessary to authorize plaintiff to bring suit. Hence, it is immaterial whether, at common law, a demand could or would not have been necessary to enable the trustees to maintain their action. *Reid v. Mullins*, 43 Mo. 306; *Wescott v. DeMontreville*, 30 Mo. 252; *Lee v. Casey*, 39 Mo. 383; *Fisher v. St. Louis*, 44 Mo. 482; *Rabsuhl v. Lock*, 35 Mo. 316. Where an obligation to pay is complete, a cause of action at once arises, and no formal demand is necessary. *Watson v. Walker*, 23 N. H. 471; *State, etc., v. Grigsby*, 92 Mo. 419. (2) The election of one to perfect his demand must be exercised within a reasonable time; it cannot be extended beyond the period of the statute of limitations. *Railroad v. Township*, 36 Kan. 628; *Morrison v. Mullen*, 34 Pa. St. 12; *Palmer v. Palmer*, 36 Mich. 487; *Steele v. Steele*, 25 Pa. St. 154; *Rhines v. Evans*, 66 Pa. St. 192.

SHERWOOD, P. J.—This action was brought in 1887. By it plaintiff seeks to recover from the defendant as the former secretary and treasurer of the St. Joseph Extension Company, organized in 1855, and which expired by the limitation of its charter in 1875, a certain sum of money alleged to have been received by him, during his term of office as such secretary and treasurer, to-wit, the sum of $10,000. Plaintiff sues as the last surviving director, alleging that all the rest, president and members of the board of directors, are dead; that no settlement was ever had with defendant for the moneys received by him as aforesaid, and that he failed to account for the same, or to pay the same over to said corporation during its existence or to its trustees, and

that it was the duty of defendant as such secretary and treasurer, concerning the moneys he received in that capacity, "to hold and pay out (such moneys) only on the order of said corporation, during its existence or on the demand of its trustees after its dissolution," but that he retains, and still has, the same. Allegation is then made that plaintiff as sole surviving member of the corporation on the thirtieth day of July, 1887, made demand on defendant for the amount so received by him, which he refused to pay over, etc.

The defendant successfully demurred to the petition on the ground that the cause of action did not accrue within five years, and judgment was entered accordingly. This action is alleged to be based on section 2513, Revised Statutes, 1889, which provides as follows: "Upon the dissolution of any corporation already created, or which may hereafter be created by the laws of this state, the president and directors or managers of the affairs of said corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of such corporation, with full powers to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; to sue for and recover such debts and property by the name of the trustees of such corporation, describing it by its corporate name, and may be sued by the same; and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

I. Was the action of the plaintiff barred by the statute? The trusts against which the statute will not run "are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction" of a court

of equity, but other trusts which are the ground of an action at law are open to the operation of the statute. *Kane v. Bloodgood*, 7 Johns. Ch. 90. The kind of trusts which fall within the exclusive jurisdiction of a court of equity are direct trusts created by *deed* or *will*, or by appointment of law, *e. g.*, executorships or administrations; but cases of *constructive* or *implied* trusts, which result from partnerships, agencies and the like, are subject to the operation of the statute. *Farnam v. Brooks*, 9 Pick. 212. The crucial test in all such cases is: *Is there a remedy at law?* If there is, that is a conclusive answer to the claim that a technical trust as aforesaid has been created. *Murray v. Coster*, 20 Johns., *loc. cit.* 583.

Referring to the case in 7 and 20 Johns. Ch., *supra*, with approval, Judge STORY says in *Robinson v. Hook*, 4 Mason, *loc. cit.* 152: "But as to cases of merely constructive trusts, created by courts of equity, or cases which in a sense are treated for some purposes as implied trusts, to which, however, legal remedies are applicable, the doctrine cannot be admitted, that the statute of limitations does not embrace them. If it were otherwise, there is scarcely a single case of bailment, or of money received to use, or of factorage concerns, or of general account, into whose service the doctrine might not be pressed." Angell on Limit. [6 Ed.] pp. 174, 175, and cases cited. As showing that *directors* of a corporation are not *trustees* within the technical rule, and that they may invoke the statutory bar when sued, see *Williams v. Halliard*, 38 N. J. Eq. 373; *Spering's Appeal*, 71 Pa. St. 1.

In *Kane v. Bloodgood*, *supra*, under a statute substantially identical with the one under discussion, it was also ruled that the directors of an incorporated company were not technical trustees within the equity rule, and when sued for dividends on shares could invoke the statute. If the *directors*, who become trustees in *name* upon the dissolution of the company, can

successfully invoke the statute, may this not be done by their *ministerial* agent their mere clerk ? 1 Morawetz on Priv. Corp., sec. 516.

II.  Cases arising in regard to deposits in banks have no relevancy to cases of this sort; for there the very purpose of the bailment is safekeeping, and the duration of the bailment is necessarily indefinite. There, some action is requisite in order to terminate the bailment, and to put the bailee in the wrong, in case he refuse to accede to the demand for the deposit made.  The same may be said in some respects of an attorney.  *Beardslee v. Boyd*, 37 Mo. 180.

III.  Again, the cause of action in this cause arose upon the dissolution of the corporation ; the defendant could then have been sued for the sum then in his hands, as it was then his duty to have turned over to the trustees whatever sum he held belonging to the corporation.  ''Where an obligation to pay is complete, a cause of action at once arises and no demand is necessary.''  *Watson v. Walker*, 23 N. H. 471 ; Angell on Limit., *supra*.  The defendant is not sued for a *conversion* of the sum in his hands, but in an ordinary action for its recovery, and section 2948, Revised Statutes, in such cases dispenses with the necessity for making a demand.  *Nanson v. Jacob*, 93 Mo. 331, recognizes this as true.  But if it be conceded that a demand on the defendant was necessary, in order to give a right of action, still the general rule is that where a right of action is dependent on this course, that such demand must be made within the period which the statute prescribes.  *Ball v. Railroad*, 62 Iowa, 753 ; *Palmer v. Palmer*, 36 Mich. 488 ; *Codman v. Rogers*, 10 Pick. 112 ; *Jameson v. Jameson*, 72 Mo. 640; *Railroad v. Burlingame*, 36 Kan. 628 ; *Morrison v. Mullin*, 34 Pa. St. 12.

As illustrative of the views entertained by the courts on this topic, we quote:  ''To give effect to the spirit of the statute, the law sometimes, in the absence

of stipulation by the parties, fixes the time when the cause of action shall be taken to have accrued by the duty of diligence required of the party. Where the time for doing the act necessarily precedent to bringing the suit is indefinite, it allows a reasonable time. When that reasonable time has elapsed, the duty of diligence begins, and, if this consists in the assertion of a legal right, then is the time from whence the statute should begin to run." 34 Pa. St., *supra*.

In *Palmer v. Palmer, supra*, CAMPBELL, J., said: "If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it. He is really, and in fact, able at any time to bring an action, when he can, by his own act, fix the time of payment. It is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion, as soon as the creditor, by his own act, and in spite of the debtor, can make the demand payable."

Viewing the matter in this light, we affirm the judgment. All concur, but BARCLAY, J., absent.